### JURISDICTION OVER GARNISHEE.

Common Pleas Court of Licking County.

The First National Bank of Los Angeles, Cal., v. The Licking Mining Company and The Peoples' National Bank of Newark.

Decided, 1909.

*Attachment—Premature Action Against Garnishee—But Judgment May be Taken Against Garnishee in Such a Case by Consent.*

1. An action will not lie against the garnishee in an attachment case before the discharge of the attachment.
2. But where the defendant garnishee consents that judgment shall be rendered against him without waiting for the discharge of the

attachment, judgment will be entered notwithstanding the premature filing of the suit, but will not include interest where the question of the liability of the defendant for interest is controverted.

*F. M. Black,* for plaintiff.

*Fulton & Fulton,* for the Peoples' National Bank of Newark.

WICKHAM, J.

In this case a jury was waived and it was submitted to the court on the pleadings and an agreed statement of facts, supplemented by testimony of counsel on each side of the case.

Every case has its peculiar facts, but this case has a peculiarity which has been puzzling to the court.

In December of 1904, the Los Angeles bank sent a draft to the Newark bank for collection; it was drawn on the Licking Mining Company. The mining company paid the draft to the Newark bank, and immediately afterwards the money was attached in the hands of the Newark bank and garnishee process served upon it at the suit of the Licking Mining Company v. Hoyt et al, all the defendants in the attachment suit being non-residents of the state of Ohio.

It is agreed in this case that the money paid by the Licking Mining Company to the Newark bank belonged to the Los Angeles bank, and no part of it belonged to the defendants in the attachment suit.

The suit brought by the mining company against the non-resident defendants is still pending in this court, and the attachment issued at the time the money was paid into the hands of the Newark bank has never been discharged. This appears from the answer of the Newark bank filed in this case, and is admitted by counsel of both parties.

This suit was brought in June, 1905, by the Los Angeles bank against the Licking Mining Company and the Newark banking company to recover the $2,000 and interest. The Los Angeles bank, the plaintiff in this suit, was not a party to the attachment suit, neither was the Newark banking company, but was only a garnishee.

My opinion is that this action could not be maintained against the Newark banking company, if the pendency of the attachment suit were relied upon as a defense. It is said by counsel for the defendant bank, and is no doubt true, that the garnishee did not know to whom the money belonged for some years after the attachment suit had been brought. We have not the papers in the attachment suit before us, but it must necessarily be true that the affidavit in attachment charged that the money in the hands of the Newark bank belonged to the defendants in attachment, and whether that were true or not the garnishee could not determine.

The question is, will an action lie against the garnishee in an attachment before the termination of the attachment suit, and it seems to us that there can be but one answer to the question— that it will not lie. To answer the question in the affirmative would lead to startling results. Let us take for example the case before us. The attachment suit was brought in December, 1904; this action was brought in June, 1905. The attachment suit was pending when this suit was brought and is still pending. If this case had proceeded to trial upon the issue whether the money in the hands of the Newark bank belonged to the plaintiff in this case, and that question had been resolved in favor of the plaintiff, a judgment would result against the Newark bank for the full amount of the money in its hands, and possibly with interest. Later the attachment suit is tried, and it might result in a verdict finding that the money belonged to the defendant in attachment, and the garnishee would be required to pay the money into court a second time to satisfy the judgment rendered in that case. I say such a thing might occur, if the law permitted a suit against the garnishee before the termination of the suit in attachment. One judgment would not be a bar to the other. The parties in the attachment suit are not parties in the suit against the garnishee, and therefore are not bound by the judgment. The court could not officially determine the issues of one case upon the trial of the other, and this court can not now say, for the purpose of determining the attachment suit, that the money in the hands of the Newark bank belongs to the Los

Angeles bank, although it is so admitted by counsel for the Newark bank; and if the question now for the court to determine upon issues properly joined was whether the plaintiff could recover in this action, we would have no hesitancy in resolving it in the negative.

But we are confronted with another side of the case, and that is the peculiarity which we have said is puzzling: It is conceded by the Newark bank, through its counsel, that it owes the Los Angeles bank the $2,000; therefore, that the money belongs to the plaintiff, for, as counsel say "the only question in this case" is whether the defendant bank owes the plaintiff bank interest on the money. All other questions are conceded in favor of the plaintiff bank.

Counsel for the plaintiff cite the case of *Candy & Scribner* v. *Webster,* 9 O. S., 452, and rely upon it for a judgment in this case for the $2,000 and interest. In that case one March stood in the same relation to the attachment suit as the Los Angeles bank stood to the attachment suit in this court, and Webster, the defendant, stood in the same relation as the Newark bank stood in the attachment suit, that is, as garnishee. That case is an authority only so far as to establish the right of the owner of the money garnisheed to bring an action against the garnishee for the amount due him, with interest, *after the termination of the attachment suit;* but it is no authority for the bringing of an action against a garnishee before the termination of the attachment suit.

But the defendant bank in this case has practically consented that a judgment may be rendered against it for $2,000; it only objects to a judgment for the interest. We know of no reason why the defendant bank should not be accommodated and a judgment rendered against it, provided the court has jurisdiction of the subject-matter.

We think this action was prematurely brought, but we are unable to determine to our satisfaction that the court has no jurisdiction of the subject-matter of the suit. Therefore, we have decided to render judgment against the Newark banking company for the $2,000, and under our statutes this would carry

with it interest from the first day of the term, September 14, 1908.

But the Newark bank has not consented that a judgment may be rendered against it for the interest, and for the reason that under all the facts conceded at the time of the trial and agreed upon in the agreed statement of facts, the court could render no judgment against the defendant bank, we do not include interest prior to the first day of this term of court.

This judgment carries with it the costs of this suit, except the costs made on account of the defendant, the Licking Mining Company. Our opinion is that the petition states no cause of action against the Licking Mining Company, nor do the facts adduced by the evidence and agreed upon by counsel make a case against that defendant, and all costs made on account of the defendant, the Licking Mining Company, should be paid by the plaintiff.

Counsel for the defendant bank in their brief claim attorney fees, but we think they have entirely misconceived the case, and under no consideration of it would the court be authorized in including attorney fees in the judgment.

The entry may be prepared and filed in accordance with this opinion.